OPINION
{¶ 1} Defendant-appellant, Nationwide Mutual Insurance Company ("Nationwide"), appeals from the Franklin County Court of Common Pleas' grant of summary judgment to plaintiff-appellee, William D. Perritt. For the following reasons, we reverse and remand to the trial court with instructions to reinstate its October 18, 2002, decision and entry granting summary judgment in favor of Nationwide.
 {¶ 2} On February 22, 2002, appellee, on behalf of the estate of Jean G. Griggs, filed an action for declaratory judgment against Nationwide and State Farm Fire and Casualty Company ("State Farm"). Appellee sought a declaration that Griggs' estate was entitled to underinsured motorist coverage under the commercial auto and commercial umbrella liability policies Nationwide issued to Griggs' employer, as well as the homeowner's policy State Farm issued to Griggs.
 {¶ 3} Nationwide filed two summary judgment motions, arguing that it was entitled to judgment as a matter of law because neither Nationwide policy extended underinsured motorist coverage to Griggs. Appellee replied with his own summary judgment motion in which he argued that Griggs' estate was entitled to underinsured motorist coverage as a matter of law pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
 {¶ 4} On October 18, 2002, the trial court issued a decision and entry granting summary judgment to Nationwide as to both Nationwide policies. In response, appellee filed a motion for reconsideration in which he argued that the trial court overlooked a dispositive case that militated against granting summary judgment to Nationwide. In its memorandum contra, Nationwide urged the trial court to affirm its October 18, 2002 decision and entry.
 {¶ 5} On January 22, 2003, appellee filed a notice of voluntary dismissal of State Farm pursuant to Civ.R. 41(A). This dismissal eliminated all claims still pending before the trial court.
 {¶ 6} Seven days after appellee dismissed State Farm, the trial court issued a decision and entry granting appellee's motion for reconsideration. On February 5, 2003, the trial court issued a nunc pro tunc entry clarifying its January 29, 2003 judgment by vacating its October 18, 2002 decision and entry.
 {¶ 7} Nationwide and appellee then continued to litigate until the trial court issued a decision and entry granting summary judgment to appellee on September 23, 2003. Nationwide appealed from that judgment.
 {¶ 8} On appeal, Nationwide assigns the following errors:
1. The trial court erred because the trial court's October 18, 2002 decision and entry became a final appealable order on January 16, 2003 when Plaintiff's counsel voluntarily dismissed the remaining parties from the lawsuit pursuant to Civ.R. 41(A)(1).
2. The trial court erred because the trial court's October 18, 2002 decision and entry became a final judgment when Plaintiff's counsel did not file a notice of appeal within thirty days after the date of the Civ.R. 41(A)(1) notice of voluntarily [sic] dismissal.
3. The trial court erred because the trial court's October 18, 2002 decision and entry became a final order when the Plaintiff did not timely appeal.
4. The trial court erred because the trial court ruled on Plaintiff's motion for reconsideration after a final order.
5. The trial court erred because, after a final order, a motion for reconsideration is a nullity.
6. The trial court erred because the Plaintiff failed to timely filed [sic] a notice of appeal of the trial court's October 18, 2002 decision and entry.
7. The trial court erred because the trial court's January 29, 2003 decision and entry was a nullity.
8. The trial court erred because the trial court's February 5, 2003 decision and entry was a nullity.
9. The trial court erred because the trial court's September 5, 2003 decision and entry was a nullity.
10. The trial court erred because the trial court had no jurisdiction to reverse its October 18, 2002 decision and entry.
11. The trial court erred because the trial court had no jurisdiction when it ruled on Plaintiff's motion for reconsideration.
12. The trial court erred because the trial court had no jurisdiction to vacate and/or reverse the October 18, 2002 decision and entry once final judgment was entered.
13. The trial court erred because individuals off school grounds, after school hours, on personal business, and acting outside the scope and course of her [sic] employment do not qualify for insurance coverage under South Western City School District's ("SWCSD") policies.
14. The trial court erred because SWCSD's policy was different from the policy reviewed in Scott-Pontzer.
15. The trial court erred because SWCSD's policy provided broader coverage than the policy reviewed in Scott-Pontzer.
16. The trial court erred because SWCSD's policy is not illusory.
17. The trial court erred because the Scott-Pontzer case does not apply to a school district's policy.
18. The trial court erred because SWCSD's policy was not ambiguous.
19. The trial court erred because the Plaintiff do not qualified [sic] as insured persons under the SWCSD's policy.
20. The trial court erred because, if there is UM coverage afforded the Plaintiffs under the SWCSD's policy, the Plaintiffs failed to timely notified [sic] Nationwide of this loss, claim, and suit.
21. The trial court erred because, if there is UM coverage afforded the Plaintiff under the SWCSD's policy, Plaintiff prejudiced Nationwide by failing to timely notify Nationwide of this loss, claim, and suit.
22. The trial court erred because, if there is a question of fact as to prejudice, it is improper to grant Plaintiff's motion for summary judgment on the prejudice issue.
23. If there is a presumption of prejudice, it is improper to grant Plaintiff's motion for summary judgment on the prejudice issue.
24. The trial court erred because, if a jury demand is asserted, Nationwide is entitled to have a jury decide the issue of prejudice.
25. The trial court erred because, if there is UM coverage afforded the Plaintiff under the SWCSD's policy, whether [sic] Plaintiff prejudiced Nationwide by settling with the tortfeasor and other UM insurers without Nationwide's consent.
26. The trial court erred because, if there is UM coverage afforded the Plaintiff under the SWCSD's policy, Nationwide is entitled to a credit against the judgment for the amount of the underlying limits of coverage.
27. The trial court erred because prejudice is a question of fact for the jury.
28. The trial court erred because reasonable minds could differ as to whether Nationwide was prejudiced by Plaintiff's late notice.
29. The trial court erred because the prejudice stemming from late notice includes depriving the insurer of the opportunity to investigate the accident, assess liability, and pursue avenues of subrogation.
30. The trial court erred because reasonable minds could differ as to whether Nationwide was prejudiced by Plaintiff's settlement with the tortfeasor and other UM insurers.
31. The trial court erred because there is no UM coverage provided under Nationwide's Education Liability policy.
32. The trial court erred because there is no UM coverage provided under Nationwide's umbrella policy.
33. The trial court erred because Roberts v. Wausau (10th
Dist. App. Ct., Sept. 10, 2002), 149 Ohio App.3d 612,2002 Ohio 4734, 2002 Ohio App. Lexis 4798 [sic] was incorrectly decided.
34. The trial court erred because Nationwide Agribusiness Ins.Co. v. Roshong (C.A. 6th Dist., July 9, 2002), U.S. App. No. 01-4009, 2002 U.S. App. Lexis 18671, unreported [sic] was correctly decided.
35. The trial court erred because, when dealing with a school district, the real party in interest is the Board of Education ("BOE") who [sic] is compromised of real living persons; therefore, the ambiguity found in Scott-Pontzer does not exist.
36. The trial court erred because [the] Scott-Pontzer court misapplied the rules of construction for insurance policies.
 {¶ 9} By its first through twelfth assignments of error, Nationwide argues that the trial court's last valid order was its October 18, 2002 decision and entry granting Nationwide summary judgment. Nationwide asserts that because the trial court lacked jurisdiction over this matter after appellee voluntarily dismissed State Farm, all of the trial court's orders subsequent to that dismissal are nullities.
 {¶ 10} Generally, judgments granting summary judgment in favor of one of multiple defendants on all claims against that defendant are interlocutory orders.[1] As interlocutory orders, such judgments are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B). Accordingly, a plaintiff may file a motion for reconsideration challenging a trial court's interlocutory order granting summary judgment to one of multiple defendants. See Pitts v. Ohio Dept.of Transp. (1981), 67 Ohio St.2d 378, fn. 1. Further, when presented with such a motion for reconsideration, a trial court may alter or reverse its earlier decision.
 {¶ 11} However, "[a] trial court's decision granting summary judgment * * * for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." Denham v. City of New Carlisle (1999),86 Ohio St.3d 594, at syllabus. See, also, Metropolitan Bank Trust Co. v.Roth, Summit App. No. 21174, 2003-Ohio-1138, fn. 4. While interlocutory orders are subject to motions for reconsideration, final orders are not. Pitts, supra, fn. 1. Indeed, Civ.R. 60(B), provides that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment).Pitts, at 380. Notably, this list does not include motions for reconsideration. Id.
 {¶ 12} In compliance with this rule of law, we have previously held that while a trial court may rule upon a motion for reconsideration prior to the entry of a final order, the entry of the final order makes the motion for reconsideration a nullity. O'Brien v. Sutherland Bldg. Products, Inc. (Mar. 24, 1994), Franklin App. No. 93AP-948 (failure of the trial court to rule upon a motion for reconsideration filed after the summary judgment decision was issued but prior to the entry of a final judgment on that decision rendered the motion a nullity);Gargallo v. Merrill Lynch, Pierce, Fenner Smith, Inc. (Dec. 22, 1992), Franklin App. No. 92AP-1308 (same). See, also, OhioVeterinary Med. Bd. v. Singh (1998), 127 Ohio App.3d 23, 30-31
(same). As the motion for reconsideration is rendered a nullity, "`it follows that a judgment entered on [that] motion for reconsideration is also a nullity * * *.'" Rutan v. Collins,
Franklin App. No. 03AP-36, 2003-Ohio-4826, at ¶ 7, quotingPrimmer v. Lipp, Fairfield App. No. 02-CA-94, 2003-Ohio-3577, at ¶ 7.
 {¶ 13} In the case at bar, when the trial court initially granted summary judgment on October 18, 2002 to Nationwide, its decision and entry was an interlocutory order because State Farm remained a party in the case and the decision and entry did not include Civ.R. 54(B) language. Consequently, at that time, appellee could properly file and the trial court could properly rule upon a motion for reconsideration. However, pursuant toDenham, once appellee dismissed State Farm on January 22, 2003, the October 18, 2002 decision and entry became a final appealable order. Thus, on January 22, 2003, appellee's motion for reconsideration became a nullity. Accordingly, the trial court did not have authority to rule upon the motion seven days later.
 {¶ 14} Rather, at the point the October 18, 2002 decision and entry became a final order, appellee could seek only relief from that order by: (1) filing a Civ.R. 50(B), 59 or 60(B) motion before the trial court,[2] or (2) appealing to this court. Appellee neither filed any of these motions, nor did he appeal the order to this court. Thus, the final order granting summary judgment to Nationwide remained in full force and effect. Necessarily, then, the trial court lacked jurisdiction to continue issuing judgments in this matter.
 {¶ 15} Appellee, however, argues that the trial court had the inherent authority to reverse its decision and entry granting summary judgment to Nationwide, even after the decision and entry became a final order, because the trial court acted before appellee filed a notice of appeal and before the expiration of the time for appeal. Appellee's argument is unavailing. The case law appellee relies upon states that administrative agencies
may reconsider their decisions prior to the institution of a court appeal or the expiration of the time for appeal. SeeLorain Educ. Assn. v. Lorain City School Dist. Bd. of Educ.
(1989), 46 Ohio St.3d 12, 14-15; Hal Artz Lincoln-Mercury, Inc.v. Ford Motor Co. (1986), 28 Ohio St.3d 20, 25. Unlike the statutes and regulations governing the administrative agencies in the cited cases, the Ohio Rules of Civil Procedure do not allow for rehearing and modification of a preexisting final order. Therefore, the case law appellee cites is not applicable to this case.
 {¶ 16} Accordingly, we grant Nationwide's first through twelfth assignments of error. Our resolution of these assignments of error renders Nationwide's remaining assignments of error moot.
 {¶ 17} For the foregoing reasons, this case is reversed and remanded to the Franklin County Court of Common Pleas with instructions to reinstate the October 18, 2002 decision and entry granting summary judgment in favor of Nationwide.
Judgment reversed and cause remanded with instructions.
Lazarus, P.J., and Petree, J., concur.
[1] Such a judgment can be a final appealable order if the trial court includes Civ.R. 54(B) language.
[2] In noting that this avenue of relief was available to appellee, we do not imply that any or all of the cited motions were appropriate or would have been successful in the given situation.