OPINION
{¶ 1} Defendants-appellants, U.S. Four, Inc. and W.D. Equipment Rental, Inc., appeal from a judgment of the Franklin County Municipal Court vacating and setting aside the court's previous summary judgment decision in order to consider a motion for reconsideration filed by plaintiff-appellee, Yavitch Palmer Co., L.P.A. For the following reasons, we reverse.
 {¶ 2} On May 4, 2002, appellants sent an unsolicited fax advertisement to appellee's office fax machine. As a result, appellee filed a complaint against appellants for money damages and declaratory and injunctive relief in the Franklin County Municipal Court. In its complaint, appellee asserted eight causes of actions: Counts 1 through 4 alleged violations of the federal Telephone Consumer Protection Act, Section 227, Title 47, U.S. Code, et seq. ("TCPA"), and Counts 5 through 8 alleged violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01
et seq. ("OCSPA"). Appellee sought statutory treble damages for the TCPA violations,[1] statutory damages for the OCSPA violations,[2] reasonable attorney fees and costs pursuant to the OCSPA,[3] a judgment declaring that appellants violated federal and state laws, and injunctive relief prohibiting appellants from sending any further unsolicited faxes.
 {¶ 3} After filing an answer to the complaint, appellants filed a motion for partial summary judgment, arguing that they were entitled to judgment as a matter of law on Counts 2 through 8 and on appellee's claims for treble damages in Counts 1 through 4. Appellee filed its own motion for summary judgment, arguing that it was entitled to judgment as a matter of law on all of its claims. In a decision dated January 27, 2005, the trial court ruled that appellee was entitled to judgment as a matter of law on its first cause of action alleging a TCPA violation. The trial court also found that appellants willfully violated the TCPA and awarded appellee treble damages in the amount of $1,500. The trial court also granted appellee injunctive relief. However, the trial court ruled that appellants were entitled to judgment as a matter of law on appellee's second through eighth causes of actions. An entry summarizing the trial court's decision was filed the same day.
 {¶ 4} On February 7, 2005, appellee filed a motion requesting the trial court to reconsider its summary judgment decision.[4] In an entry filed February 25, 2005, the trial court vacated and set aside its summary judgment decision and entry in order to consider appellee's motion for reconsideration.
 {¶ 5} Appellant appeals, assigning the following error:
The Trial Court (Judge Salerno) erred and abused its discretion when it issued the February 25, 2005 Entry vacating and setting aside Judge Hayes' January 27, 2005 Decision and Order, which was a final judgment and which granted summary judgment in favor of Appellants on all Counts of Appellee's Complaint (Counts 2 through 8 and request for declaratory judgment) other than on Count 1 and its request for injunctive relief, and in which the Court awarded judgment in favor of Appellee in the amount of $1,500.00 on Count 1.
 {¶ 6} Because appellee has filed a motion to dismiss this appeal on jurisdictional grounds, we must first determine whether this court has jurisdiction to hear the appeal. Appellants appeal from the trial court's February 25, 2005 entry, which vacated and set aside the summary judgment. R.C. 2505.03(A) provides inter alia that every "final order, judgment or decree * * * may be reviewed on appeal." In addition, R.C. 2505.02(B)(3) provides:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
(3) An order that vacates or sets aside a judgment or grants a new trial[.]
 {¶ 7} The trial court's February 25, 2005 order expressly vacates and sets aside its January 27, 2005 decision and entry granting summary judgment. If the January 27, 2005 summary judgment decision is a final appealable order, this court has jurisdiction to review the trial court's February 25, 2005 order vacating that judgment pursuant to R.C. 2505.02(B)(3). If the January 27, 2005 decision and entry granting summary judgment did not adjudicate all of the claims at issue, it is an interlocutory order and is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B). Normally, an order vacating and setting aside an interlocutory order would not be a final appealable order and we would lack jurisdiction to review it.
 {¶ 8} We conclude that the trial court's January 27, 2005 decision and entry granting summary judgment is a final order. Pursuant to R.C. 2505.02(B)(1), an order[5] is a final order when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. Hamilton Cty. Bd. of MentalRetardation Developmental Disabilities v. Professionals Guildof Ohio (1989), 46 Ohio St.3d 147, 153; Raphael v. Brigham
(Nov. 9, 2000), Franklin App. No. 00AP-328.
 {¶ 9} In its January 27, 2005 summary judgment decision and entry, the trial court entered judgment in favor of appellee on Count 1 of its complaint and in favor of appellants on the remaining Counts 2 through 8. This resolved all of appellee's state and federal statutory causes of actions, including its claims for injunctive and declaratory relief. Appellee claims that the trial court failed to address all of its arguments in connection with the summary judgment motions and therefore, the trial court did not completely determine the action. We disagree. A review of the trial court's January 27, 2005 decision and entry indicates that the trial court resolved all of appellee's claims against appellants and left nothing to be determined by the court. Accordingly, it was a final judgment and we have jurisdiction to review the trial court's February 25, 2005 order which vacated and set aside that judgment. R.C. 2505.02(B)(3). Therefore, we deny appellee's motion to dismiss.
 {¶ 10} The trial court vacated and set aside the January 27, 2005 decision and entry granting summary judgment pursuant to appellee's motion for reconsideration. Final orders are not subject to motions for reconsideration. Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, at fn. 1. Indeed, Civ.R. 60(B) provides that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment).Pitts, at 380. Notably, this list does not include motions for reconsideration. Nor can we construe appellee's motion for reconsideration as a Civ.R. 60(B) motion. See, also, Perritt v.Nationwide Mut. Ins. Co., Franklin App. No. 03AP-1008, 2004-Ohio-4706, at ¶ 11-14.
 {¶ 11} Moreover, a motion for reconsideration filed after final judgment is a nullity.[6] Perritt, supra; Shirleyv. Republic Franklin Ins. Co., Stark App. No. 2002CA00247, 2003-Ohio-4039, at ¶ 12. Therefore, the trial court erred when it vacated and set aside its earlier January 27, 2005 decision and entry granting summary judgment.
 {¶ 12} Accordingly, the trial court's February 25, 2005 order is reversed and this matter is remanded to the trial court with instructions to reinstate its January 27, 2005 decision and entry in accordance with law and this opinion.
Judgment reversed and cause remanded with instructions; motionto dismiss denied.
BRYANT and SADLER, JJ., concur.
[1] Pursuant to Section 227(b)(3)(B), Title 47, U.S. Code, a person is entitled to a $500 award for each violation of the TCPA and its regulations. If such violation was done willfully or knowingly, the court may award treble damages.
[2] Pursuant to R.C. 1345.09(B), a consumer may receive three times the amount of its actual damages, or $200, whichever is greater.
[3] R.C. 1345.09(F).
[4] The original trial court judge in this case, Judge Hayes, retired after he issued the summary judgment ruling in this matter. As a result, his replacement, Judge Salerno, considered appellee's motion for reconsideration.
[5] For purposes of determining our jurisdiction, final orders and judgments are the same. Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 214.
[6] Nor does a motion for reconsideration extend the appeal time under App.R. 4(A). Rutan v. Collins, Franklin App. No. 03AP-36, 2003-Ohio-4826, at ¶ 8, citing Kauder v. Kauder
(1974), 38 Ohio St.2d 265, 267.