DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, appellants, Deborah and Louis C. Squires, Jr., assert the following assignments of error:
 {¶ 2} "I. The trial court's amended decision and judgment entry discounting its original judgment awarded to plaintiffs/appellants by $10,000 is contrary to and against the weight of the evidence presented at trial in this matter."
 {¶ 3} "II. The trial court erred in failing to award plaintiffs/appellants an evidentiary hearing as to the sole issue of damages."
 {¶ 4} This is the second time that this case is before this court. See Squires v. Luckey Farmers, Inc., 6th Dist. No. OT-03-046, 2004-Ohio-4919 ("Squires I"). In Squires I, we reversed, in part, the judgment of the trial court and remanded this case for a determination of the amount of compensatory damages owed to appellants as the result of the drift of an herbicide sprayed by appellee on its own property. Id. at ¶ 57.
 {¶ 5} On remand, the trial court apparently asked the parties to submit a brief interpreting our decision in Squires I.
Appellants filed said brief and requested a hearing for the purpose of determining their damages. Appellee filed a brief in which it asserted that the trial court could determine compensatory damages based upon the evidence offered by appellants at the bench trial held in Squires I.
 {¶ 6} On February 25, 2005, the trial court entered a judgment awarding appellants $14,560. In its judgment the court below set forth the amount awarded for each tree and plant damaged by the herbicide drift. Each amount referred to that portion of the trial transcript that supported the award. Included in the judgment was an award of $5,000 each for the loss of two fully grown English Walnut trees. One of these trees was described as "damaged," "deformed," or "sick." The other was depicted as "burned and dying." The court also gave appellants $2,000 for a young English Walnut tree that was "dead and gone."
 {¶ 7} On March 7, 2005, appellee filed a motion for reconsideration of the trial court's judgment. In its motion, appellee asserted that the testimony in the case sub judice demonstrated "that only one English Walnut tree was removed after the overspray incident." Appellee claimed the trial testimony of its expert revealed that the other two English Walnut trees were "fully recovered and healthy." Appellee therefore asked the trial court to reduce the amount of damages awarded to appellants by $10,000. Appellants filed a memorandum in opposition to the motion for reconsideration, citing to the testimony of Louis Squires, the owner of the property, to support the proposition that the two fully grown English Walnut trees were very sick and/or dying and that each was worth $5,000.
 {¶ 8} On March 25, 2005, the trial court entered an amended judgment that reduced appellants' award by $10,000. In doing so, the court held:
 {¶ 9} "The Court has taken Defendant's Motion for Reconsideration to be a Motion for Relief from Judgment pursuant to Civ.R. 60(B) and has decided the same under the principles governing disposition of 60(B) motions."
 {¶ 10} For the following reasons, the trial court's March 25, 2005 judgment is a nullity; therefore, we cannot address appellants' assignments of error.
 {¶ 11} The trial court's February 25, 2005 order in which it awarded compensatory damages to appellants was a final judgment. See Civ.R. 58 and Civ.R. 54. After a trial court enters a final judgment, a party's legal options are limited. Avon Lake SheetMetal Co. Inc. v. Huntington Environmental Systems, 9th Dist. No. 03CA008393, 2004-Ohio-5957, at ¶ 11. Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). Pitts v.Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. Consequently, a motion for reconsideration of a final judgment is a nullity. Id. at 379. Therefore, appellee's motion for reconsideration was a nullity, and the judgment stemming from that motion is a nullity.
 {¶ 12} Moreover, the trial court erred in construing appellee's motion for reconsideration as a Civ.R. 60(B) motion. Pursuant to Civ.R. 60(B), appellee was required to demonstrate: (1) the existence of a meritorious defense; (2) that it was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion was timely brought.GTE Automatic Elect. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If appellee's argument was one "`properly preserved for a direct appeal,'" it cannot satisfy Civ.R. 60(B). Avon Lake Sheet Metal Co., Inc., at ¶ 16, quotingTeamsters Local Union No. 50 v. Nasco Indust., Inc., (Nov. 22, 2000), 9th Dist. No. 3064-M. See, also, Consolidated Rail Corp.v. Forest Cartage Co. (1990) 68 Ohio App.3d 333, 339 (trial court could not create a "pseudo" Civ. R. 60 (B) motion from a motion for reconsideration).
 {¶ 13} Here, appellee neither asked the trial court to "vacate" its judgment nor set forth any ground cognizable under any provision of Civ.R. 60(B). Instead, appellee clearly argued the merits of the damages award, an argument that was appropriate for a direct appeal. Accordingly, the trial court's March 25, 2005 order is a nullity, and this court lacks the jurisdiction, as conferred by App.R. 4(A), to consider appellant's assignments of error.
 {¶ 14} This matter is remanded to the trial court with instructions to reinstate its February 25, 2005 decision and entry in accordance with this decision and entry of judgment. SeeConsolidated Rail Corp v. Forest Cartage Co., at 342; AvonLake Sheet Metal Co., Inc., at ¶ 17; Yavitch v. Palmer Co.L.P.A. v. U.S. Four, Inc., 10th Dist. No. 05-AP-294,2005-Ohio-5800, at ¶ 12; Perritt v. Nationwide Mut. Ins. Co.,
Franklin App. No. 03AP-1008, 2004-Ohio-4706, at ¶ 11-14. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT NULL AND VOID.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, Skow, J., concur.