DECISION
{¶ 1} Appellants, U.S. Four, Inc. and W.D. Equipment Rental, Inc., appeal the October 5, 2005 decision of the Franklin County Municipal Court, which entered judgment in favor of appellee, Yavitch Palmer Co., LPA. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} This case arises from the transmission of an unsolicited facsimile advertisement. Appellee received the fax on May 4, 2002. On July 21, 2004, appellee filed a complaint in the Franklin County Municipal Court seeking money damages as well as declaratory and injunctive relief. The complaint asserted eight causes of action, four each under the Telephone Consumer Protection Act ("TCPA") and the Ohio Consumer Sales Practices Act ("OCSPA"). Appellants filed an answer generally denying liability.
 {¶ 3} The parties filed cross-motions for summary judgment. Appellants filed first, arguing that the single unsolicited fax did not support eight separate causes of action and that appellee could not recover under the OCSPA, which protects individuals not businesses. Appellee filed its own motion for summary judgment, contending that it was entitled to judgment as a matter of law on all counts.
 {¶ 4} On January 27, 2005, the trial court ruled in favor of appellee as to a single cause of action under the TCPA. The court determined that appellants had willfully violated the TCPA, entitling appellee to statutory treble damages in the amount of $1,500. Conversely, the court found that appellants were entitled to judgment as a matter of law regarding counts two through eight of the complaint. The court's decision was journalized at the same time.
 {¶ 5} On February 7, 2005, appellee moved the court to reconsider its motion for summary judgment. However, shortly after issuing the January 27, 2005 decision, Judge Hayes retired from the Franklin County Municipal Court, and Judge Salerno was appointed to take his docket. Therefore, Judge Salerno reviewed appellee's motion. On February 25, 2005, Judge Salerno vacated and set aside the final judgment rendered on January 27, 2005 in order to consider appellee's motion for reconsideration. Appellants filed a notice of appeal on March 24, 2005.
 {¶ 6} On appeal, we found that the trial court's original January 27, 2005 decision was a final judgment. As a final judgment, the January entry was not subject to a motion for reconsideration. "[A] motion for reconsideration filed after a final judgment is a nullity." Yavitch Palmer Co., LPA v. U.S.Four, Inc., Franklin App. No. 05AP-294, 2005-Ohio-5800, at ¶ 11 ("Yavitch I"). Accordingly, we found that the trial court erred in vacating the January 27, 2005 entry and reversed Judge Salerno's February 25, 2005 decision. Furthermore, we remanded the matter to the trial court "with instructions to reinstate its January 27, 2005 decision and entry in accordance with law and this opinion." Id. at ¶ 12. We rendered our decision on November 1, 2005.
 {¶ 7} On October 5, 2005, while the above appeal was still pending, the trial court granted appellee's motion for reconsideration and granted appellee's motion for summary judgment in its entirety. Appellants appealed and raise the following assignments of error:
Assignment of Error No. 1: The trial court erred in granting the Appellee's Motion for Reconsideration of the Court's January 27, 2005 Decision because the January 27, 2005 Decision was a final order.
Assignment of Error No. 2: The trial court erred in ruling on the Appellee's Motion for Reconsideration of the Court's January 27, 2005 Decision on the parties' Motions for Summary Judgment during the pendency of Appeal Case No. 05AP-294 in the Court of Appeals of Ohio, Tenth Appellate District.
Assignment of Error No. 3: The trial court erred in granting the Appellee's Motion for Reconsideration of the Court's January 27, 2005 Decision on the parties' Motion for Summary Judgment.
Assignment of Error No. 4: The trial court erred in finding that the Appellee was entitled to multiple recoveries under the Telephone Consumer Protection Act, 47 USC 227(B)(3).
Assignment of Error No. 5: The trial court erred in finding that Appellee was entitled to any recovery for violation of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01,et seq.
 Assignment of Error No. [6]: The trial court erred in finding that the Appellee was entitled to recover attorney's fees under the Ohio Consumer Practices Act (sic), Ohio Revised Code §1345.09(F).
 {¶ 8} Appellants' second and third assignments of error are interrelated and will be addressed together. It is axiomatic that an appeal divests a trial court of jurisdiction to rule on any issue that falls within the subject matter of the appeal. "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify or affirm the judgment." Howard v. CatholicSocial Servs. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146; In re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus.
 {¶ 9} Once appellants appealed the trial court's February 25, 2005 decision vacating and setting aside Judge Hayes' January 27, 2005 judgment, the trial court was divested of jurisdiction to further address the matter. Despite this lack of jurisdiction, the trial court issued its October 5, 2005 decision. The trial court's October 5, 2005 decision represents an unlawful exercise of judicial power and amounts to clear error.[1] Further, a decision rendered by a court without jurisdiction is unauthorized by law. State ex rel. Ballard v. O'Donnell (1990),50 Ohio St.3d 182, 183-184 ("It is thus well-settled that a decision rendered by a court without jurisdiction is unauthorized by law and amounts to usurpation of judicial power.").
 {¶ 10} Accordingly, we sustain appellants' second and third assignments of error. Appellant's first assignment of error is a restatement of arguments that were sustained in Yavitch I. As such, the first assignment of error is moot. Appellant's fourth, fifth and sixth assignments of error challenge findings made in the trial court's October 5, 2005 decision. That decision is a nullity, thus rendering the related assignments of error moot.
 {¶ 11} Based on the foregoing, we reverse the trial court's October 5, 2005 decision and remand this matter with instructions to reinstate the January 27, 2005 decision.[2]
 Judgment reversed and cause remanded with instructions; Motionto remand granted.
BRYANT and FRENCH, JJ., concur.
[1] This jurisdictional flaw is compounded by the fact that the motion for reconsideration itself was a nullity.
[2] Appellants' motion to remand is granted to the extent consistent with this judgment.