DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellants, Robert Viets and Tracy Viets-Houk, appeal from the judgment of the Lorain County Probate Court which granted default judgment in favor of Appellees, Martin Viets, Thomas Viets and Terrie Gray Viets. For the reasons discussed below, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} Thomas Charles Viets ("the Testator") executed his Last Will and Testament on February 20, 2004. The Testator passed away two days later, on February 22, 2004. The Testator's brother, Appellant Robert Viets, filed an application to probate the Testator's will on May 9, 2005. On this same day, Robert Viets also filed an application for release of the estate from administration. Robert Viets was the only beneficiary named in the estate.
 {¶ 3} On May 17, 2005, Appellees, Testator's sons and ex-wife, filed a complaint against Appellants in Lorain County Probate Court contesting the will. On July 22, 2005, Appellants filed a motion to dismiss this action or in the alternative, for summary judgment. The trial court denied Appellants' motion on August 11, 2005. Appellees filed a motion for default judgment on September 9, 2005. On September 15, 2005, Appellants filed a response to the motion for default judgment, a motion for leave to file an answer instanter, an answer and a counterclaim.
 {¶ 4} On September 27, 2005, the trial court granted Appellees' motion for default judgment and denied Appellants' motions for leave to file their answer and counterclaim instanter. Thereafter, on October 6, 2005, Appellants filed several motions including a motion for reconsideration, a Civ.R. 60(B) motion for relief from judgment and a motion to dismiss the matter for lack of subject matter jurisdiction, along with a request for an oral hearing. On October 7, 2005, the trial court scheduled an oral hearing for October 18, 2005. According to Appellants, the magistrate presided over this matter and there was not actually a formal hearing on the matter. On October 17, 2005, Appellees filed a motion to amend the complaint to add the executor as a necessary party. Appellants moved to strike the motion to amend. Thereafter, the trial court scheduled a status hearing for February 7, 2006. On February 9, 2006, the trial court denied Appellants' motions for reconsideration and for relief from judgment. Appellants timely appealed from that order, raising two assignments of error for our review. We have combined Appellants' assigned errors.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT DISMISSING THE COMPLAINT IN WILL CONTEST SINCE THE EXECUTOR, WHO WAS A NECESSARY PARTY PURSUANT TO R.C. 2107.73, WAS NOT NAMED AS A DEFENDANT AND THEREFORE THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION RENDERING ALL ORDERS VOID AB INITIO AND THE MATTER THEREFORE MUST BE DISMISSED."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING [APPELLANTS'] MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR RECONSIDERATION."
 {¶ 5} In their first assignment of error, Appellants contend that the trial court's judgment is void because the court did not have jurisdiction. The premise of this argument is that Appellees failed to sue an indispensable party, namely the executor of the estate. Appellants contend that the trial court, therefore, lacked subject matter jurisdiction which renders its order void and warrants dismissal of the matter. In their second assignment of error, Appellants argue that the trial court erred and abused its discretion by denying their motion for relief from judgment and motion for reconsideration. For the reasons discussed below, we dismiss the appeal for lack of a final appealable order.
 {¶ 6} An order is a "final order" subject to appeal under R.C. 2505.02(B), when it may be reviewed, affirmed, modified, or reversed, with or without retrial, when it affects a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1). In determining whether a judgment is final, this Court considers the following:
"The matters should be disposed of `such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.' Daly v.Martin (May 14, 1997), 9th Dist. No. 2599-M, quoting Lavelle v.Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396 (Ford, J, concurring). See, also, In re Zakov (1995),107 Ohio App.3d 716, 717 (stating that the trial court `must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry')." (Alterations sic) Bergin v. Berezansky,
9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 5.
 {¶ 7} Further, as this Court has explained, "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai v.Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 215.
 {¶ 8} Here, Appellants appealed from the probate court's February 9, 2006 order denying their motions for reconsideration and for relief from default judgment. The denial of a properly-filed Civ.R. 60(B) motion for relief from judgment is considered to be a final, appealable order. Colley v. Bazell
(1980), 64 Ohio St.2d 243, 245. A motion to vacate under Civ.R. 60(B), however, lies only from a "final judgment [or] order[.]" Civ.R. 60(B). "It logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment." Phoenix Office Supply Co. v. Little Forest Nursing Ctr. (Feb. 24, 2000), 7th Dist. No. 99 CA 15, at *4. A motion to vacate will not create a final judgment where none previously existed. Id. (holding that the denial of a motion to vacate an order that lacked necessary Civ.R. 54(B) language was not final).
 {¶ 9} Here, the language of the probate court's September 27, 2005 judgment entry does not constitute a final, appealable order. The entry states in its entirety:
"Plaintiffs' Motion for Default Judgment is herby [sic] granted because the Defendants have failed to answer the complaint as required by law."
 {¶ 10} The parties cannot determine their rights and obligations from this judgment entry as it fails to provide relief. The entry fails to address whether the will is invalidated and whether Appellees are entitled to attorneys fees, costs, assets, damages and/or other relief prayed for in their complaint. Without a clear statement of the rights and obligations of the parties, the order does not constitute a final judgment and this Court is without jurisdiction to hear the appeal. Therefore, Appellants' appeal is dismissed because the language of the September 27, 2005 entry does not constitute a final appealable order.
 III. {¶ 11} The appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to the parties.
Whitmore, P.J. Carr, J. Concur.