DECISION
{¶ 1} This matter is before the court on petitioner-appellee, the Franklin County Alcohol, Drug Addiction, and Mental Health ("ADAMH") Board's motions to stay the pending appeal and to remand this matter to the probate court for the purpose of conducting a forced medication hearing.
 {¶ 2} On October 30, 2006, the adult next of kin of respondent-appellant, J.F., filed an affidavit in the Franklin County Court of Common Pleas, Probate Division, pursuant to R.C. 5122.11, indicating that appellant presented a substantial risk of harm to others and that he believed that appellant would benefit from treatment in a hospital. On November 3, 2006, a hearing was held on the affidavit before a magistrate of the probate court. At the conclusion of the hearing, the magistrate issued a decision concluding that appellant is a mentally ill person subject to hospitalization pursuant to R.C.5122.01(B)(1), (2), (3), and (4) and ordering that appellant be committed to the ADAMH Board's custody for a period not to exceed 90 days. On November 6, 2006, the ADAMH Board, acting through the mental health facility where appellant was hospitalized, filed an application seeking court approval to forcibly medicate appellant pursuant to the Supreme Court of Ohio's decision in Steele v. Hamilton Cty. MentalHealth Bd. (2000), 90 Ohio St.3d 176. Appellant filed objections to the magistrate's commitment order and a hearing was scheduled on the objections. On December 5, 2006, following a hearing on the objections, the probate court issued a judgment entry overruling the objections and adopting the magistrate's decision in its entirety. The probate court also scheduled a hearing on the ADAMH Board's forced medication application for December 13, 2006. On December 6, 2006, appellant filed a notice of appeal from the probate court's judgment of commitment. Immediately thereafter, the ADAMH Board filed the instant motions seeking to stay appellant's appeal of the commitment order and to have this matter remanded to the probate court for the purpose of conducting the scheduled forced medication hearing.
 {¶ 3} It is well-settled that when an appeal is taken from the judgment of a trial court, the trial court is divested of jurisdiction over any matter in the case, the determination of which would be inconsistent with the appellate court's jurisdiction until such time as the matter is remanded by the appellate court. State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97; Yavitch Palmer Co., L.P.A. v. U.S. Four, Inc., Franklin App. No. 05AP-1234,2006-Ohio-4780, ¶ 8. Under the Supreme Court of Ohio's holding inSteele, a legally proper commitment determination is a condition precedent to ordering that a person be forcibly medicated. Id. at 184-190. For this reason, the probate court's consideration of the issue of whether appellant should be forcibly medicated is inconsistent with this court's consideration of the propriety of the probate court's commitment order and the probate court was divested of jurisdiction to consider the ADAMH Board's forced medication application when appellant's notice of appeal from the commitment order was filed.
 {¶ 4} While appellant's appeal of the commitment order divested the probate court of jurisdiction over the forced medication application, it does not serve the interests of judicial economy or the prompt resolution of this matter to force the probate court to await our determination on the commitment appeal before proceeding on the forced medication application. Accordingly, we hereby stay appellant's appeal of the commitment order and remand this matter to the probate court for the limited purpose of considering the pending forced medication application, with the understanding that should the probate court grant the ADAMH Board's application to forcibly medicate appellant, that order is automatically stayed pending appeal. This court will then consolidate any appeal taken from the forced medication order with the instant appeal and expedite briefing and determination of the consolidated matter.
Motion for stay and motion to remand granted.
BRYANT and FRENCH, JJ., concur.