DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which modified its own prior order regarding custody and child support issues. Defendant-appellant, Michael D. Barnhisel, now challenges that judgment through the following assignment of error:
 {¶ 2} "The trial court erred in its determination that appellee mother should not be required to pay monthly child support to appellant of $385.79 per month from and after March 6, 2006."
 {¶ 3} The facts of this case are as follows. On March 10, 1995, plaintiff-appellee, Teresa L. Barnhisel, and appellant were granted a divorce through a judgment entry of divorce by consent, which incorporated the terms of the parties' shared parenting plan. Under that plan, Theresa was designated the residential parent of the parties' minor children (Cory, born in February 1988, and twins Chelsea and Elizabeth, born in August 1989) during the school year and Michael was designated the residential parent of the minor children during the summer months. In addition, the parties were each granted visitation and companionship with the children, pursuant to and at times expanding upon the Wood County Visitation and Companionship Schedule, during each other's period of residency. Finally, the court ordered Michael to pay Teresa $758.33 per month as and for child support for the three children.
 {¶ 4} On May 7, 2004, the lower court filed a second consent judgment entry after Michael filed a motion to modify the shared parenting plan and his child support obligation. Pursuant to that order, the parties' shared parenting plan was modified so that Michael was named the residential parent of Cory. Teresa remained the residential parent of Chelsea and Elizabeth. In addition, the child support order was modified to reflect the change in the custody arrangement and an increase in Teresa's income. As such, effective January 1, 2004, Michael was ordered to pay Teresa $304.08 per month child support.
 {¶ 5} On March 3, 2005, Michael filed another motion to modify the shared parenting plan and his child support obligation. Through this motion, Michael asked to be named the residential parent of Chelsea and Elizabeth and that his child support obligation be modified accordingly. Thereafter, on June 30, 2005, Teresa filed her own motion for modification in which she sought to be legally recognized as the primary residential parent of Cory who, she asserted, had been living with her since mid-June 2005. Teresa also asked the court to recalculate child support to reflect this situation.
 {¶ 6} On June 30 and July 19, 2005, the case proceeded to a hearing before a magistrate on the above motions as well as other relief sought by the parties. On July 27, 2005, the magistrate issued a decision and interim order in which he concluded that, effective with the start of the 2005-2006 academic year, Michael would be the residential parent of the girls during the school year and Teresa would be the residential parent of them during the summer. The court then awarded each parent parenting time with the children as they shall agree or, absent an agreement, pursuant to the previous shared parenting plan. The court further modified the child support award and ordered Michael to pay Teresa child support of $505.63, pursuant to the child support worksheet which the court attached to the order. Regarding Cory, the court found that because he was at that time engaged in counseling, a hearing regarding the motion for change of residential parent for him would be continued until a later date.
 {¶ 7} Subsequently, Michael filed objections to the magistrate's decision in which he asserted that the magistrate erred in his calculation of child support by failing to deduct Michael's loss from his farming business from his gross income, which, Michael asserted, was clearly required by law. After the transcript of the hearing was prepared and filed, Michael supplemented his objections and further asserted that the magistrate erred in his calculations of child support by calculating support as if Teresa was the residential parent of all three children. Finally, Michael objected to the magistrate's designation of Teresa as the residential parent of Chelsea and Elizabeth during the summer months.
 {¶ 8} On November 21, 2005, the lower court issued a judgment entry on Michael's objections. Initially, the court discussed and identified several "facts" which are simply wrong. In particular, the court referenced the magistrate's decision to change the residential parent from Michael to Teresa and then noted that given the need for the children to awaken at 5:00 a.m., there was no justification for that decision. The court explained this decision by finding that the magistrate must have had a preference for Teresa to be the residential parent. Upon consideration, the court concluded that the magistrate's decision should be modified, thereby making Michael the residential parent of the children for the entire year, and awarding both parties' parenting time with the children when not with them as the parties shall agree or, in the absence of an agreement, pursuant to the Wood County Visitation and Companionship Schedules. The court then granted the parties 20 days to submit their respective calculations of child support pursuant to the guidelines and in light of the court's modification of the magistrate's decision. In the interim, the court ordered that Michael's child support obligation to Teresa be reduced to $305 per month.
 {¶ 9} On December 12, 2005, Teresa filed a motion to reconsider and/or clarify the November 21, 2005 judgment, given that the trial court obviously misread or misunderstood the magistrate's decision and that the findings of fact as adopted by the court did not coincide with the conclusions of law indicated in the November 21, 2005 judgment entry. Teresa also attempted to appeal the November 21, 2005 judgment, but in a decision and judgment entry of February 14, 2006, we dismissed the appeal for lack of a final appealable order because the residential parent determination did not also include a child support order.
 {¶ 10} Before the appeal had been dismissed, the trial court, in a January 12, 2006 order, terminated Michael's child support obligation, effective as of the date of the order, given that he was then the residential parent of all three children. Thereafter, Teresa filed a motion "to address minor children issues" and to reconsider the January 12 order. In particular, Teresa asked the court to revisit the issue of her parenting time and asked that she be named the residential parent of the girls during the summer months. Teresa further asked the court to address the issue of transportation for parenting time. She had previously raised the issue in prior motions but the court had yet to rule on the issue. Finally, Teresa asked the court to reconsider its January 12, 2006 order terminating child support. In response, Michael filed a memorandum asking the court to award him spousal support in light of the November 21, 2005 judgment naming him the residential parent of the children for the entire year.
 {¶ 11} On February 17, 2006, the court issued a judgment entry on the pending motions which, in pertinent part, adopted and affirmed the court's judgment entry of November 21, 2005, and ordered Teresa to pay Michael child support of $393.51 per month, effective December 1, 2005. (In a subsequent nunc pro tunc entry the court made this child support award effective as of September 1, 2005.) The court further awarded Teresa parenting time with the children for six weeks during the summer and ordered the parties to prepare a schedule for summer visitation. Finally, the court determined that if the parties were unable to reach a mutual agreement for summer visitation, the parties were to present their proposed schedules to the court for determination.
 {¶ 12} On February 21, 2006, Teresa again filed a request for clarification of minor child issues. In particular, Teresa again asked the court to determine which party was responsible for transporting the children for parenting time. Teresa also asked the court to reevaluate the child support order given that she makes less than one-fourth of the income that Michael makes and she receives no assistance from Michael in transporting the children for parenting time. Finally, Teresa asked that the child support order be made retroactive to November 21, 2005, the date when Michael was designated the residential parent, as opposed to September 1, 2005.
 {¶ 13} On March 3, 2006, the lower court issued a judgment entry and order granting in part Teresa's motion for reconsideration and modifying the child support order. In pertinent part, the court held that given the parties' disparate incomes, it would be "patently unfair" to require Teresa to pay nearly $400 per month in child support. The court then determined that neither party should pay the other child support, based its deviation on the parties' disparate incomes, and stated that it had been unaware of this factor when entering the prior order.
 {¶ 14} It is from this judgment that Michael has appealed. For the following reasons, however, we cannot address the merits of the appeal.
 {¶ 15} The trial court's judgment of March 3, 2006, was a ruling on Teresa's "request for clarification of minor child issues" which the trial court expressly viewed as a motion for reconsideration. It is well-established that the Ohio Rules of Civil Procedure do not provide for motions for reconsideration in the trial court and that such motions are considered a nullity. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 380. As this court stated in Phillips v. Mufleh (1994),95 Ohio App.3d 289, 293, "* * * once a final judgment is entered, it cannot be reconsidered by the trial court. * * * Where no final judgment has been entered, a trial court has continuing jurisdiction to revise its order at any time and can entertain a motion for reconsideration."
 {¶ 16} The trial court's judgment of February 17, 2006, was a final judgment. See R.C. 2505.02. It determined the issues of custody, child support and visitation and prevented any further judgment on those issues. The only issue remaining was a determination of which six weeks Teresa would have the children during the summer. We find that this was an ancillary issue that did not affect a substantial right, as Teresa's right to visitation was already determined. The trial court had no authority to reconsider its own final judgment and, as such, the court's judgment of March 3, 2006 was a nullity. As we stated in Squires v.Luckey Farmers, Inc., 6th Dist. No. OT-05-019, 2006-Ohio-1640, ¶ 11:
 {¶ 17} "After a trial court enters a final judgment, a party's legal options are limited. Avon Lake Sheet Metal Co., Inc. v. HuntingtonEnvironmental Systems, 9th Dist. No. 03CA008393, 2004-Ohio-5957, at ¶ 11. Thus, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). * * * Consequently, a motion for reconsideration of a final judgment is a nullity * * * and the judgment stemming from that motion is a nullity."
 {¶ 18} Neither party filed an appeal from the February 17, 2006 judgment and the time for challenging that judgment on appeal has now expired. See App.R. 4(A). Moreover, given that the trial court's judgment of March 3, 2006 was a nullity, Michael's appeal from that judgment did not vest this court with jurisdiction to review the merits of the appeal. See Squires, supra at ¶ 13.
 {¶ 19} This matter is remanded to the trial court with instructions to reinstate its February 17, 2006 judgment in accordance with this decision and judgment entry. See Squires, supra, ¶ 14; Consolidated RailCorp. v. Forest Cartage Co. (1990), 68 Ohio App.3d 333, 342; Yavitch v.Palmer Co., L.P.A. v. U. S Four, Inc., 10th Dist. No. 05AP-294,2005-Ohio-5800, ¶ 12; Avon Lake Sheet Metal Co., Inc., supra, ¶ 17;Perritt v. Nationwide Mut. Ins. Co., 10th Dist. No. 03AP-1008,2004-Ohio-4706, ¶ 11-14. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.