{¶ 25} I respectfully dissent as I would dismiss the appeal for lack of a final, appealable order. *Page 10 
 {¶ 26} The majority concludes based on Internatl. Bhd. of ElectricalWorkers, Local Union No. 8 v. Vaughn Industries, L.L.C.,116 Ohio St.3d 335, 2007-Ohio-6439, and Jones v. McAlarney Pools, Spas Billiards,Inc., 4th Dist. No. 07CA34, 2008-Ohio-1365, that a trial court's failure to rule on a general request for attorney fees in a complainant's prayer for relief does not affect the finality of the order because such a request for attorney fees does not constitute a separate claim that necessitates either disposition or the inclusion of Civ. R. 54(B) language. After requesting relief in an initial complaint, however, a party need not "reserve or restate their claim[] *** [or take] any action beyond the pleading stage *** to preserve a claim for adjudication." Vaughn Industries at ¶ 11. Knight requested attorney fees in his prayer for relief, and thus, placed the issue squarely before the trial court. Pursuant to Vaughn Industries, Knight was not required to restate his request for attorney fees in order to preserve the issue for adjudication. Id. Moreover, the holding in Vaughn Industries contradicts any assertion that a trial court's failure to rule on a complainant's request for attorney fees in its order equates to the request being overruled sub silento. Vaughn Industries specifically recognizes that "when attorney fees are requested in the original pleadings, a party may wait until after entry of a judgment on the other claims in the case to file its motion for attorney fees." Id. at paragraph one of the syllabus. A party would not be able to file a motion for attorney fees post-judgment if the trial court's order implicitly overruled the request for attorney fees.
 {¶ 27} This Court has determined that "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215. In Viets, this Court dismissed an appeal after noting the following:
 "The parties cannot determine their rights and obligations from this judgment entry as it fails to provide relief. The entry fails to address whether *** Appellees *Page 11 
are entitled to attorneys fees, costs, assets, damages and/or other relief prayed for in their complaint. Without a clear statement of the rights and obligations of the parties, the order does not constitute a final judgment and this Court is without jurisdiction to hear the appeal." Viets v. Viets, 9th Dist. No. 06CA008890, 2006-Ohio-5818, at ¶ 10.
Here, the trial court's journal entry fails to set forth a clear statement of the rights and obligations of the parties as it does not address whether Knight is entitled to attorney fees. Accordingly, I would conclude that the trial court's order is not final and appealable because the "plaintiff's prayer for attorney fees remains unresolved[.]"Jones (Kline, J., dissenting) at ¶ 38. See, also, Viets at ¶ 10. *Page 1