{¶ 20} I concur in judgment only in regard to Appellants' first and second assignments of error. In the case at hand, Nelson filed his "Motion for relief from judgment" pursuant to Civ. R. 60 on July 17, 2008; however, not all of the claims at issue had been resolved because Winston did not file its notice of voluntary dismissal pursuant to Civ. R. 41(A) until the day after, July 18, *Page 8 
2008. Accordingly, as Nelson asserted in his "Reply to Defendants' opposition to Plaintiffs motion for relief from judgment[,]" the trial court's grant of "summary judgment was interlocutory and not final."
 {¶ 21} It should be noted that motions purportedly made under Civ. R. 60(B) may be treated as improperly labeled requests for reconsideration pursuant to Civ. R. 54(B) when the underlying judgment is interlocutory. See Beyke v. Beyke, 3d Dist. Nos. 14-05-13, 14-05-15, 2005-Ohio-5465, at ¶ 17. However, in the case at hand, even if Nelson's motion was treated as a motion for reconsideration, Winston's voluntary dismissal made the court's grant of summary judgment a final order the day after the motion was filed, and the trial court lost jurisdiction to rule on the pending motion. See Perritt v. Nationwide Mut. Ins. Co., 10th Dist. No. 03AP-1008, 2004-Ohio-4706, at ¶ 12.
 {¶ 22} This Court has stated that "[a] motion to vacate under Civ. R. 60(B) * * * lies only from a `final judgment [or] order[.]'" Viets v.Viets, 9th Dist. No. 06CA008890, 2006-Ohio-5818, ¶ 8. Furthermore, "`[i]t logically follows from the language of the rule, that a motion to vacate is improper in the event a trial court is not presented with a final judgment.' Phoenix Office Supply Co. v. Little Forest NursingCtr. (Feb. 24, 2000), 7th Dist. No. 99 CA 15." Viets at ¶ 8. Finally, we have held that motions to vacate pursuant to Civ. R. 60 will not create a final judgment where none previously existed. Viets at ¶ 8, citingPhoenix Office Supply Co., supra.
 {¶ 23} Here, because Winston's counterclaim was unresolved when Nelson filed his motion for relief from judgment, the order from which he sought relief was not a final order. Therefore, I believe that such a motion was improper, and that the trial court erred when it granted relief from its prior judgment upon an improper motion. Accordingly, I concur in judgment only as to the first and second assignments of error. *Page 9 
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1